# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM P. HAESSLY,**
    Petitioner,

 v.              Case No. 05C1143

**GREG GRAMS,**
    Respondent.

## ORDER

On October 31, 2005, William P. Haessly filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On December 14, 2005, respondent Greg Grams answered Haessly's petition. On January 30, 2006, petitioner filed a brief titled "Response to Issue of Procedural Default."

On April 10, 2006, petitioner filed a motion asking me to order respondent to send petitioner the complete transcripts of his trial and to extend the time that petitioner could have to file his reply brief until he could get the transcripts. On April 27, 2006, petitioner filed a motion for default judgment against respondent for his failure to send petitioner the complete trial transcripts. Petitioner argued that respondent had violated Rule 5 of the rules governing sec. 2254 claims by not attaching the complete trial transcripts to his answer. In the alternative, petitioner moved to stay his petition while he is re-sentenced in state court due to a sentencing error.[1]

---

[1] Upon examining petitioner's record for this case, Assistant Attorney General Marguerite Moeller apparently discovered an error in petitioner's sentencing. Moeller notified Haessly's prosecutor, who called for a re-sentencing hearing. This error in petitioner's sentencing is not at issue in this petition for writ of habeas corpus.

## I. MOTION FOR DEFAULT JUDGEMENT

Rule 5 of the rules governing sec. 2254 states that a respondent, in his answer to a habeas petition, "must attach to the answer parts of the transcript that the respondent considers relevant." In this case, respondent attached multiple appellate documents and the closing arguments of petitioner's jury trial. In his brief filed in opposition to petitioner's motion for default judgment, respondent stated that those documents were the only ones that he considered relevant. Given the discretion that Rule 5 affords a habeas respondent in choosing the relevant portions of transcripts, respondent has not procedurally defaulted.

Petitioner has filed one brief with this court, titled, "Response to Issue of Procedural Default." I will construe petitioner's "Response to Issue of Procedural Default" as his brief in support of his petition for habeas corpus, and grant him until September 20, 2006, to file his reply brief. If I have misconstrued petitioner's existing brief, he should inform me of this and file any brief remaining by September 20, 2006.

## II. MOTION TO STAY THE PROCEEDINGS

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction granted to them by federal statutes. AAR Int'l, Inc. v. Nimelia's Enters. S.A., 250 F.3d 510, 517 (7th Cir. 2001) (quoting Colo. River Water Cons. Dist., 424 U.S. 800, 818 (1976)). However, the Supreme Court has identified limited circumstances in which federal courts must abstain and refuse to decide cases that are properly within their jurisdiction. See Younger v. Harris, 401 U.S. 37(1971); Colo. River Water Cons. Dist., 424 U.S. 800; Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941). The present case

does not fit within any of those limited circumstances. Petitioner's state proceeding for re-sentencing is unrelated to his federal petition for habeas corpus, as his federal petition does not appear to include a claim related to the imposition of his sentence. Thus, his re-sentencing is highly unlikely to affect his federal case. As such, I will deny petitioner's alternative motion to stay these proceedings.

Therefore,

**IT IS ORDERED** that petitioner's motion for default judgment is **DENIED.**

**IT IS FURTHER ORDERED** that if petitioner intends to file an additional brief, then he must do so as instructed herein **by September 20, 2006.**

**IT IS ADDITIONALLY ORDERED** that petitioner's alternative motion to stay the present proceedings is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18 day of August, 2006.

/s_____
LYNN ADELMAN
District Judge