# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM P. HAESSLY,**
        **Petitioner,**

    v.                                                    **Case No. 05C1143**

**GREG GRAMS,**
        **Respondent.**

## DECISION AND ORDER

William P. Haessly, a Wisconsin state prisoner, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction after a jury trial of first-degree intentional homicide. Petitioner alleges that the trial court violated his right to due process by permitting the state to amend the charging document, by admitting other acts evidence and by denying his motion to dismiss based on a nine-year delay in charging.[1] Petitioner also asserts that his trial counsel was ineffective for failing to investigate witnesses who implicated others in the homicide, failing to object to the prosecutor's closing argument, failing to seek a competency determination for petitioner, who is schizophrenic, and failing to contest the legality of petitioner's arrest. Respondent asks me to dismiss the petition because it includes unexhausted and procedurally defaulted claims.

### I. PROCEDURAL BACKGROUND

Petitioner brought a post-conviction motion in the state trial court that was denied without a hearing. He then appealed, arguing that the prosecutor's closing argument was

---

[1] Petitioner phrases his claims in terms of error, but construing them liberally, I assume that he contends that the errors were sufficiently serious as to violate due process.

impermissible, that his trial counsel was ineffective for failing to object to such closing argument, that the state's delay in charging him violated his right to due process, and that the trial court erred in allowing the state to amend the original felony-murder charge to first-degree intentional homicide and in denying his motion for a mistrial based on a defective verdict form. The state court of appeals rejected these claims. Petitioner's appellate counsel filed a "no-merit" petition for review in the state supreme court.[2] Petitioner then filed a rambling supplemental petition,[3] abandoning the issues raised in the court of appeals and contending that his appellate counsel had "failed to address the issues of paramount importance," (Answer Ex. G at 1), which mainly involved his trial counsel's performance. Petitioner argued that trial counsel failed to cross examine his accuser concerning his plea bargain, failed to challenge a statement that police attributed to petitioner, failed to challenge the credibility of the prosecution witnesses and refused to seek a different judge. Further, petitioner stated that one of his trial attorneys was married to his accuser's attorney and that they conspired to convict him. Petitioner also stated that the trial judge was biased and wrongly denied his requests for new counsel. Finally, petitioner challenged the legality of his arrest. Respondent argued that petitioner was not entitled to review because he was raising new claims. The court denied review.

---

[2] Under Wis. Stat. § 809.32(4), when counsel concludes that a petition for review would be frivolous but the defendant insists on seeking review, counsel files a truncated petition containing only a description of the case's factual and procedural history and an appendix containing the relevant portions of the record. Id.; Wis. Stat. § 809.62(2)(d) and (f).

[3] When counsel files a § 809.32(4) petition, the defendant files a supplemental petition stating the questions he wishes reviewed and why and arguing their merits. § 809.32(4); § 809.62(2)(a), (b), (c), and (e).

## II. EXHAUSTION/DEFAULT

A federal habeas petitioner must first exhaust the remedies available to him in state court. § 2254(b)(1)(A). To do so, he must give the state courts an opportunity to review his federal claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A claim is not exhausted if under state law, the petitioner may still raise it. § 2254(c). Thus, a petitioner must appeal an adverse decision to the state supreme court if doing so is part of the state's ordinary review procedure. O'Sullivan, 526 U.S. at 847. The exhaustion doctrine serves the interest of comity between state and federal courts by giving state courts the first opportunity to address and correct violations of a prisoner's federal rights. Perruquet v. Briley, 390 F.3d 505, 513 (7th Cir. 2004).

When a federal habeas petitioner has not exhausted a claim, a district court should ordinarily dismiss the case without prejudice to enable the petitioner to return to state court. Id. When a petitioner presents a "mixed" petition, i.e., one containing both exhausted and unexhausted claims, a district court may follow the same procedure. However, a dismissal without prejudice will sometimes preclude a future federal habeas case because the statute of limitations will expire before the petitioner is able to exhaust his claims in the state courts. 28 U.S.C. § 2244(d). Thus, a petitioner may choose to forego the unexhausted claims and proceed only on those that he has exhausted. Rhines v. Weber, 544 U.S. 269, 278 (2005). In addition, a district court may in its discretion stay rather than dismiss a mixed petition and should do so when the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id.

3

When a petitioner fails "to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed," he procedurally defaults the claim. Perruquet, 390 F.3d at 514. Further, a petitioner procedurally defaults a claim when the state courts reject it based on an adequate state procedural ground or when he fails to fully present the claim to the state courts and it is clear that the state courts would hold that the claim is procedurally barred. Id. When a claim is procedurally defaulted, a district court is generally barred from reviewing its merits. Id. However, unlike an unexhausted claim, a procedurally defaulted claim is subject to equitable exceptions, i.e., a district court may consider its merits if the petitioner "demonstrates cause for the default and prejudice resulting therefrom . . . or, alternatively, he convinces the court that a miscarriage of justice would result if his claim were not entertained on the merits." Id.[4]

## III. DISCUSSION

Petitioner has clearly not exhausted his claims that his trial counsel was ineffective (1) for failing to investigate witnesses who implicated others in the slaying; (2) for failing to seek a competency determination; and (3) for failing to contest the legality of the arrest. Petitioner has not presented these claims to the state courts,[5] and pursuant to Wis. Stat. § 974.06 may yet do so. State v. Escalona-Naranjo, 185 Wis. 2d 168, 185 (1994) (stating

---

[4]Further, while a respondent may not implicitly waive an argument that a petitioner has failed to exhaust, § 2254(b)(3), circuit courts have split on whether this is true of an argument that a petitioner has procedurally defaulted a claim, and the Seventh Circuit has not yet weighed in. Perruquet, 390 F.3d at 515-16.

[5]Petitioner mentioned the legality of his arrest in his supplemental petition to the state supreme court but never actually presented the issue to that, or any other, state court.

4

that a state habeas petitioner raising a constitutional claim for the first time may proceed if he shows "sufficient reason" for failing to raise it on direct appeal).

However, petitioner may not now present to a state court his claims that the trial court denied him due process (4) by admitting other acts evidence; (5) by allowing the state to amend the charging document; (6) by refusing to dismiss the charges because of the nine-year delay; and (7) that his counsel was ineffective for failing to object to the prosecutor's closing argument. Petitioner raised these claims in the state courts but did not appeal their denial in the lower courts to the state supreme court. The time to do has since expired, thus, Wisconsin courts would hold such claims barred and they are thus considered procedurally defaulted. And unlike the claims that petitioner raises here for the first time, I may reach the merits of the defaulted claims if I find that petitioner shows cause and prejudice for his default or that a miscarriage of justice would occur if I did not consider the claims on the merits. See Perruquet, 390 F.3d at 514 (explaining the different treatment of claims that may still be considered by the state courts and those that may not).

Thus, petitioner's petition is mixed. Pursuant to Rhines, petitioner asks me to stay it so that he may present his unexhausted claims in state court and return to this court if they are denied. Petitioner has shown good cause for his failure to exhaust one of his claims – the claim that his trial counsel was ineffective for failing to investigate witnesses who implicated others in the slaying. He states that he did not know of such witnesses until 2005, when his appellate counsel turned over the relevant police records to him. He also states that he was mentally ill and unable to obtain assistance in challenging his conviction until shortly before the statutory deadline. In addition, this claim is not plainly meritless, as

respondent appears to concede. The police reports attached to petitioner's brief identify several witnesses who suggested that someone other than petitioner killed the victim. If petitioner's trial counsel failed to obtain such reports or obtained them and failed to investigate these witnesses without a strategic reason, he may have performed deficiently. Further, petitioner does not appear to have engaged in dilatory litigation tactics.

Thus, I will stay the present case to enable petitioner to exhaust this claim.[6]

**Therefore,**

**IT IS ORDERED** that this action is **STAYED**. After petitioner litigates his unexhausted claims in state court, he may bring a motion to lift the stay.

Dated at Milwaukee, Wisconsin, this 26 day of February, 2007.

/s_____
LYNN ADELMAN
District Judge

---

[6] Petitioner may not have good cause for failing to exhaust his other two unexhausted claims. However, as I am staying the case, he may nonetheless choose to exhaust them. Further, if post-stay petitioner intends to move to amend his petition to add a claim related to the statement by his accuser mentioned in his reply brief, he will need to exhaust that claim as well.

6